**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SAEED M. COUSAR,**<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**STACK, A.P.** *et al.*,<br><br>　　　　　　　　Defendants. | Civil Action No. 20-01259 (ZNQ) (DEA)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dismiss jointly filed by Defendants Brian W. Stack, A.P. ("Defendant Stack") and Detective Rachel McCaffrey ("Defendant McCaffrey") ( collectively "Defendants") (ECF No. 19.) Defendants filed a Brief in Support of their Motion to Dismiss, ("Moving Br.," ECF No. 19-2) which Plaintiff Saeed M. Cousar ("Plaintiff") opposed. ("Opp'n," ECF No. 22.) Defendants subsequently filed a reply. ("Reply," ECF No. 24.) The Court has considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT the Motion to Dismiss and allow Plaintiff to file an Amended Complaint within thirty (30) days of this Opinion.

**I.　　BACKGROUND AND PROCEDURAL HISTORY**

In the context of the pending motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

1

On September 28, 2021, Plaintiff, a *pro se* party who is presently incarcerated, filed this action against Defendants. ("Am. Compl.," ECF No. 18.)[1] Plaintiff's Amended Complaint alleges six counts of federal and state claims including: (1) Due process violations of his right to a fair trial (First Count), (2) Prosecutorial misconduct (Second Count), (3) Conspiracy by Defendants to deprive him of due process (Third Count), (4) Malicious Prosecution (Fourth Count), (5) Intentional Infliction of Emotional Distress (Fifth Count), and (6) Abuse of Process (Sixth Count). (*Id.* at 11.) The asserted claims arise under 42 U.S.C. § 1983 (Section 1983), 42 U.S.C. § 1985 (Section 1985), and New Jersey state law in violation of his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (*Id.* at 2, 11.) The Amended Complaint is based on events that occurred from April through June of 2017. (*Id.* at 4.) Plaintiff's Amended Complaint alleges that during the stated time period he was charged with theft by deception and third-degree identity theft in state court. (*Id.* at 4.) From his Amended Complaint, it appears Plaintiff attempted to steal from an ATM machine but was apprehended. (*Id.* at 8.) Subsequently, Plaintiff was convicted and incarcerated for a term of four years and four months in prison. (*Id.* at 4.) Based on the state court criminal conviction, Plaintiff now asserts his constitutional claims. (*Id.* at 3–4.)

As it relates to both Defendants, Plaintiff alleges his rights under the Fourth and Fourteenth Amendments were violated because he was "unlawfully and wrongfully" seized without probable cause leading to the alleged false charges for which he was incarcerated. *(Id.* at 3.) Likewise, Plaintiff alleges his rights under the Fifth and Fourteenth Amendments were violated because Defendants intentionally submitted false information that led to his arrest, intentionally and falsely testified at his trial, conspired to encourage perjured police testimony, and withheld exculpatory

---

[1] Plaintiff originally filed his Complaint on February 5, 2020. (ECF No. 1.) Thereafter, Plaintiff sought leave to amend his Complaint (ECF No. 16) which the Court granted. (ECF No. 17.) For purposes of the Motion, the Court considers the Amended Complaint as operative.

2

information. (*Id.*) Further, Plaintiff alleges that his rights under the Sixth and Fourteenth Amendments were violated because prosecutors seemingly failed to timely disclose Brady materials, concealed discoverable information, and, as previously alleged, encouraged perjured police testimony. (*Id.* at 4.)

Specifically, as it relates to Defendant Stack, Plaintiff alleges he was maliciously prosecuted by Defendant Stack and that Defendant Stack engaged in prosecutorial misconduct in violation of his Fourth Amendment rights. (*Id.* at 8.) Moreover, Plaintiff alleges Defendant Stack failed to intervene, seemingly during his trial, and "conspired to deprive him of his constitutional rights." (*Id.*) Plaintiff alleges the underlying charge, theft by deception, was erroneous because it does not criminalize his conduct. (*Id.*) Plaintiff adds that Defendant Stack made several improper statements of opinion during the trial and presented the jury with an impermissibly suggestive photo. (*Id.*) Defendant Stack is alleged to have relied on an illegal seizure and to have "fabricated information [in] violation of Plaintiff's Fourth and Fourteenth Amendment rights." (*Id.*) Plaintiff alleges Defendant Stack influenced jurors with his personal beliefs to consider "irrelevant" evidence in his prosecution. (*Id.* at 10.) Plaintiff summarily alleges that Defendant Stack was not acting within the scope of his authority when he violated his constitutional rights. (*Id.*)

As it relates to Defendant McCaffrey, Plaintiff alleges she filed a false police report and conspired to file a false police report against him in connection with the underlying investigation. (*Id.* at 9.) Plaintiff alleges that the arrest warrant was also defective and lacked probable cause. (*Id.*) Moreover, Plaintiff asserts that his allegations "demonstrate that . . . [Defendant McCaffrey] . . . falsely charged and prosecuted" him, affirming his claims for malicious prosecution. (*Id.*)

Based on the allegations, Plaintiff asserts that he suffered damages including mental anguish, monetary damages incurred in defense of his prior criminal charge, and "lasting and

permanent mental scars." (*Id.*)  Accordingly, Plaintiff requests the following relief: (1) declaratory judgment that Defendants' actions violated his due process rights, (2) $4 million in compensatory damages, (3) $2 million in punitive damages, (4) $3 million in damages for a violation of his rights against a fair trial, due process, and equal protection, and (5) reasonable costs and expenses including attorneys' fees, and any other relief the Court deems proper.  (*Id.* at 5, 12.)  On February 5, 2020, Plaintiff filed a petition for habeas corpus in state court that is still pending to date.  (*Id.* at 9.)  On October 15, 2021, Defendants filed this instant motion[2] which the Court now considers. (ECF No. 19.)

## II.     LEGAL STANDARD

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  *Id.*  (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court must review "the complaint to strike conclusory allegations."  *Id.*  The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff . . . ."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the defendant unlawfully harmed me."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"

---

[2] The Motion to Dismiss was brought on behalf of Defendants Stack and McCaffrey. In his Amended Complaint, it appears Plaintiff references Somerset County and the Somerset County Prosecutor's Office as parties to the suit because they employed Defendants.  However, based on the Court's reading of the allegations in the Amended Complaint and that the Motion to Dismiss was brought solely on behalf of Defendants Stack and McCaffrey, the Court considers Plaintiff's allegations are as to Defendants Stack and McCaffrey and addresses the Motion to Dismiss as such.

4

*Fowler*, 578 F.3d at 211 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678) (citation omitted).

It is well established that a "[*pro se*] complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (demonstrating point that a *pro se* plaintiff's pleading must be liberally construed and is held to a lesser standard than that which is applied to pleadings drafted by attorneys).  However, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief."  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013).  "In resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account."  *Halstead v. Motorcycle Safety Found., Inc.*, 71 F. Supp. 2d 464, 467 (E.D. Pa. 1999) (citing *Chester Cnty. Intermediate Unit v. Pennsylvania. Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990)).

### III.   DISCUSSION

#### A.  *Heck* Bar of Section 1983 Claims

In *Heck v. Humphrey*, the Supreme Court held a cause of action under section 1983 does not exist in the context of prisoner litigation if a district court's judgment would invalidate the conviction or sentence rendered by a state court unless that conviction and sentence has been reversed, vacated, expunged, or otherwise favorably terminated.  512 U.S. 477, 486–487 (1994). A plaintiff's lawsuit is barred under section 1983 if "establishing the basis for the . . . claim

5

necessarily demonstrates the invalidity of the conviction." *Id.* at 481–82. "Thus, a plaintiff may not sue 'for alleged unconstitutional conduct that would invalidate his or her underlying sentence or conviction unless that conviction has already been' favorably terminated." *Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) (quoting *Grier v. Klem*, 591 F.3d 672, 677 (3d Cir. 2010)). The *Heck* principles apply to suits for damages and injunctive relief. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

As the Supreme Court explained "'a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)). Further, "[c]laims for malicious prosecution or false imprisonment arising from the prosecution, arrest, and imprisonment that led to a plaintiff's conviction are clear examples of *Heck*-barred claims, because success on those claims requires showing unlawful prosecution or imprisonment." *Ortiz*, 747 F. App'x at 77.

Defendants raise several arguments.[3] Among them, they contend that Plaintiff's Amended Complaint should be dismissed because it is barred under the Supreme Court's precedent in *Heck v. Humphrey*. (Moving Br. at 13.) Precisely, Defendants argue Plaintiff's claims are barred because "it is an attempt to challenge and overturn the criminal conviction entered against him in the Superior Court of New Jersey." (*Id.* at 14.) Defendants contend that Plaintiff has not shown

---

[3] Defendants also contend the following: (1) Plaintiff's claim is barred by the two-year statute of limitations for Section 1983 claims, (2) that they are not a "person" amenable to suit under the civil rights statute, (3) that Plaintiff's claims against Defendant Stack are barred by absolute prosecutorial immunity, (4) that Plaintiff's claims against Defendant McCaffrey are barred by absolute witness immunity, and (5) that Plaintiff's claims against Defendant Stack is also barred by qualified immunity. (Moving Br. 9–10, 17–26.) In light of Plaintiff's claim being barred on grounds the Court will later discuss, this Court will not address these additional arguments.

6

that his conviction or sentence has been reversed, expunged, or declared invalid by any authority. (*Id.* at 15.) Defendants contend that Plaintiff even admits in his Amended Complaint that his direct appeal to the State Appellate Division was affirmed, that the State Supreme Court denied his petition, and that his petition for habeas is still being decided. (*Id.*) Moreover, Defendants argue that Plaintiff's claim for malicious prosecution fails to meet several critical elements. (*Id.*) As a result, Defendants assert that the success of Plaintiff's present suit "would necessarily imply the invalidity of his underlying criminal conviction and sentence" which to date have not been invalidated. (*Id.*)

In opposition, Plaintiff briefly addresses the *Heck* bar claims raised by Defendants. (Opp'n at 11.) Plaintiff contends that the *Heck* doctrine provides for a delayed accrual of his claims. (*Id.*) Accordingly, Plaintiff insists the two-year statute of limitations for his Section 1983 claims did not begin to run until the date of his verdict and under *Heck*, the delayed accrual rule protects his claims. (*Id.* at 12.) Additionally, Plaintiff contends *Heck*'s reasoning has been applied to instances, like his, where there is an allegation that an officer lacked probable cause for an arrest. (*Id.*) In conclusion, Plaintiff reiterates that Rule 12(b)(6)'s liberal standard should be applied to favorably adjudicate his claims. (*Id.*) In reply, Defendants reiterate their arguments that Plaintiff's Amended Complaint is *Heck* barred and adds that Plaintiff's opposition "has proffered no argument to suggest otherwise." (Reply at 3.) Moreover, Defendants contend Plaintiff's claims regarding unlawful prosecution and denial of a fair trial fall squarely within *Heck* because it would require the Court to invalidate his prior state conviction. (*Id.* at 3–4.)

Here, Plaintiff's claims under Section 1983 are barred under *Heck* because Plaintiff has not shown that his state court conviction has been reversed, vacated, expunged, or otherwise terminated. *Heck*, 512 U.S. at 486–87. In fact, Plaintiff notes that there is a pending habeas corpus

7

petition in state court. (Am. Compl. at 9.) Moreover, Defendants cite in their brief that following his state court conviction, Plaintiff appealed to the State Appellate Division which affirmed the conviction, and with the State Supreme Court, which denied his petition for review. (Moving Br. at 15.) As the Court observes, Plaintiff does not refute that he previously sought appellate review and does not present any evidence that his state court conviction was terminated in his favor. Thus were the Court to rule in Plaintiff's favor, it would effectively need to invalidate the state court conviction.

Though Plaintiff does not expressly invite the Court to overturn his criminal conviction, any judgment the Court renders—specifically if it were to find that Plaintiff's constitutional rights were violated in the course of the investigation and trial—would necessarily invalidate his state court conviction. Additionally, were the Court to declare that Plaintiff's seizure occurred without probable cause, this would taint and effectively require the Court to render the entire state court conviction invalid. (Am. Compl. at 3.) In essence, Plaintiff cites several alleged errors committed by Defendants relating to his prior state court conviction and invites the Court to award him damages based on Defendants' alleged wrongdoings. (*See generally* Am. Compl.) However, *Heck* bars suits such as this where Plaintiff's which seek damages and injunctive relief. *Nelson*, 541 U.S. at 643. Further, as the Third Circuit notes "[c]laims for malicious prosecution or false imprisonment arising from the prosecution, arrest, and imprisonment that led to a plaintiff's conviction are clear examples of *Heck*-barred claims, because success on those claims requires showing unlawful prosecution or imprisonment." *Ortiz*, 747 F. App'x at 77.

In addition, Plaintiff's argument that his claims are seemingly protected under the delayed accrual rule from *Heck* is without merit. Plaintiff misreads *Heck*'s holding and reasoning. In *Heck v. Humphrey*, the Court concluded:

8

> Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Id.* at 489–90. Here, as the Court discussed earlier, Plaintiff has neither proven that his prior conviction was terminated in his favor nor that the prior conviction has been invalidated. Further, there is a pending habeas petition in state court as Plaintiff admits. (Am. Compl. at 9.) Therefore, Plaintiff's federal claims under Section 1983 are dismissed without prejudice under *Heck*.

### B. Section 1985 Claims

Section 1985(3) allows a plaintiff to assert a claim for conspiracy formed "for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To assert a claim under Section 1985(3), a plaintiff must allege the following: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–103 (1971)).

Defendants first contend that Plaintiff's allegation under Section 1985 does not identify the subsection under which he asserts his claims. (Moving Br. at 16.) Nonetheless, Defendants assert to the extent Plaintiff's claims arise under subsection two and three of the statute, it should be likewise dismissed because both provisions apply only in instances where there is an allegation of conspiracy involving racial or otherwise class-based discrimination. (*Id.*) Defendants posit that

9

Plaintiff does not allege nor can facts be inferred that they conspired against Plaintiff on either of these bases. (*Id.*) Summarily, Defendants assert Plaintiff failed to plead with "factual specificity" that any alleged collusion was motivated by the bases required under Section 1985. (*Id.* at 16–17.)

Here, after examining Plaintiff's Amended Complaint, the Court is convinced that Plaintiff is attempting to assert a claim under Section 1985(3). The Court's conclusion is based on the language in Plaintiff's Amended Complaint stating that he "alleges a conspiracy between all defendants to deprive him of due process." (Am. Compl. at 11.) In light of that conclusion, the Court's analysis will focus on whether Plaintiff sufficiently asserts a claim under Section 1985 subsection 3. The Court finds that Plaintiff cannot sufficiently plead a claim under Section 1985(3) because he fails to establish that he was deprived of his civil rights on the basis of him being a member of a protected class. As Defendants note, and the Court agrees, Plaintiff does not allege, nor can facts be inferred that they conspired against Plaintiff on the basis of race, class, or some other protected class. Patently absent from Plaintiff's Amended Complaint and his supporting documents are any facts to suggest that he was deprived of his constitutional rights based on his member of a protected class. Rather, Plaintiff's claim of conspiracy vaguely asserts that Defendants conspired to deprive him of his civil rights by introducing fraudulent evidence at his trial. (Am. Compl. at 11.) Moreover, Plaintiff has failed to allege there was ever an agreement between the prosecutor and the officer to deprive him of his civil rights. *See Russo v. Voorhees Twp.*, 403 F. Supp. 2d 352, 359 (D.N.J. 2005) (dismissing Plaintiff's claim under Section 1985(3) because plaintiff failed to allege an agreement between the officers to deprive him of his civil rights). Therefore, Plaintiff's claims under Section 1985 are dismissed without prejudice.

### C. New Jersey Tort Claims Act

The New Jersey Torts Claims Act (NJTCA) governs tort actions against public employees and entities. N.J.S.A. 59:1-1, *et. seq*. The NJTCA states that "[n]o action shall be brought against a public entity or public employee . . . unless the claim upon which it is based [was] presented in accordance with the procedure set forth in this Chapter." *Rolax v. Whitman*, 175 F. Supp. 2d 720, 730 (D.N.J. 2001) (quoting N.J.S.A. 59:8–3)). Under the NJTCA, a claimant must file a Notice of Claim with certain information sufficient to allow the public entity to investigate the merits of the claim. N.J.S.A. 59:8–4. The Notice of Claim must be signed and filed with the public entity within ninety days of the accrual of the cause of action. N.J.S.A. 59:8–8. A claimant is "forever barred from recovering against a public entity or public employee if he failed to file his claim with the public entity within 90 days of accrual of his claim." N.J.S.A. 59:8–8(a). Additionally, the "claimant bears the burden of proving that the claim was filed with the appropriate public entity." *Rolax*, 175 F. Supp. 2d at 730 (citing *Hammond v. City of Paterson*, 145 N.J. Super. 452, 455 (App. Div. 1976)).

Defendants argue here that Plaintiff's state law tort claims should be dismissed because he failed to comply with the New Jersey Tort Claims Act's (NJTCA) requirement for providing a ninety-day notice of a suit involving a public entity or employee. (Moving Br. at 27.) Specifically, Defendants contend Plaintiff's Amended Complaint does not allege that he met this pre-suit notice requirement. (*Id.* at 28.) Without notice, Defendants' brief argues Plaintiff cannot assert state law tort claims against Defendant Stack and the claim is "forever barred." (*Id.* at 28–29.) In opposition, Plaintiff does not address Defendants' pre-suit notice argument, but instead he recites the several alleged errors and violations committed by Defendants in his state court conviction. (Opp'n at 22–33.)

Here, as a threshold issue, there is no dispute the Defendants Stack and McCaffrey are, at the time of the suit, public employees for purposes of the NJTCA.  *See Wright v. State*, 169 N.J. 422, 450 (2001) (holding that county prosecutors and their employees fall within the NJTCA). Also, Plaintiff's Amended Complaint does not allege, nor can it be inferred from the Court's examination of Plaintiff's supporting documents that Plaintiff filed a Notice of Claim with Defendants.  Plaintiff's failure to meet this critical requirement under the NJTCA means his state tort claims for Malicious Prosecution (Fourth Count), Intentional Infliction of Emotional Distress (Fifth Count), and Abuse of Process (Sixth Count) are forever barred. (Am. Compl. at 11); N.J.S.A. 59:8-8(a).  Therefore, Plaintiff's state torts claims are dismissed with prejudice.

## IV.   CONCLUSION

For the reasons stated above, the Court will GRANT the Motion to Dismiss.  An appropriate Order will follow.


Date: **August 11, 2022**


                                             s/ Zahid N. Quraishi  
                                             **ZAHID N. QURAISHI**  
                                             **UNITED STATES DISTRICT JUDGE**